ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 18 2026

at 2 o'clock and - min. P M
Lucy H. Carrillo, Clerk

KENNETH M. SORENSON
United States Attorney
District of Hawaii

MICHAEL F. ALBANESE #9421
Chief, Narcotics and Violent Crime

HEIDI TURNER
Special Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email: Heidi.Turner@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BERNADETTE ACASO,<br><br>Defendant. | Case No. CR 26-00087 RT<br><br>MEMORANDUM OF PLEA AGREEMENT<br><br>DATE: September 18, 2026<br>TIME: 2:00 P.M.<br>JUDGE: Hon. Rom A. Trader |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the UNITED STATES OF AMERICA, by its attorney, the United States Attorney for

the District of Hawaii, and the defendant, BERNADETTE ACASO, and her attorney, Donovan Odo, Esq., have agreed upon the following:

## THE CHARGES

1. The defendant acknowledges that she has been charged in an Information with violating Title 18, United States Code, Section 611(a).

2. The defendant has read the charge against her contained in the Information, and that charge has been fully explained to her by her attorney.

3. The defendant fully understands the nature and elements of the crime with which she has been charged.

## THE AGREEMENT

4. The defendant will enter a voluntary plea of guilty to the sole count of the Information, which charges her with voting as an alien on or about November 5, 2024. In return, the United States Attorney's Office for the District of Hawaii (the "government") (i) agrees to be bound by the terms of this agreement, including the sentencing stipulations below in paragraph 10, and (ii) agrees not to file charges against the defendant for false statements relating to citizenship made to the United States Citizenship and Immigration Services on or about June 17, 2026.

5. The defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6. The defendant enters this plea because she is in fact guilty of voting as an alien on or about November 5, 2024, as charged in the sole count of the Information, and she agrees that this plea is voluntary and not the result of force or threats.

**PENALTIES**

7. The defendant understands that the penalties for the offense to which she is pleading guilty include:

a. A term of imprisonment of up to 1 year and a fine of up to $100,000, plus a term of supervised release of up to 1 year.

b. In addition, the Court must impose a $25 special assessment as to each count to which the defendant is pleading guilty. The defendant agrees to pay $25 for each count to which she is pleading guilty to the District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing. The defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this Agreement at its option.

c. **Consequences of Conviction for Non-U.S. Citizens.** The defendant has been advised by counsel and understands that because the defendant is not a citizen of the United States, the defendant's conviction in this case may

have adverse immigration consequences, including the defendant's removal, deportation, or denaturalization from the United States. The defendant may also be denied United States citizenship and admission to the United States in the future.

## FACTUAL STIPULATIONS

8. The defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which the defendant is pleading guilty:

a. The defendant was born in Dasmarinas, Philippines in 2006. The defendant entered the United States on or about September 16, 2018, via an F33 visa. From September 16, 2018, to present, the defendant has been a Legal Permanent Resident and has resided in the State of Hawaii. The defendant has never been a citizen of the United States and the defendant's parents have never been citizens of the United States.

b. Records obtained by the Federal Bureau of Investigation ("FBI") from the County Clerk of the County of Maui ("Maui County Clerk") document that the defendant participated in the 2024 General Election by submitting a mail-in ballot, which was received in connection with the election held on November 5, 2024. This election was held in part for the purpose of electing candidates for the offices of President, Vice President, one or more

members of the Senate, and one or more members of the House of Representatives.

c. Maui County Clerk records also document that the defendant registered to vote in Maui County, Hawaii, on March 6, 2024. Specifically, the defendant completed a Hawaii Online Voter Registration Affidavit through the Hawaii Office of Elections website. Included on the application was a section where the defendant affirmed she was a citizen of the United States of America. The defendant provided a signature affirming all the information on the affidavit was true and correct.

d. On June 17, 2026, during an interview with the United States Citizenship and Immigration Services, the defendant was asked, under oath, if she had ever claimed to be a United States citizen, and the defendant said yes, explaining she had done so when she registered to vote while she was in high school. The defendant further explained she later canceled her voter registration. When asked, under oath, if she had ever voted in any election, the defendant responded no. The defendant also signed a written summary of these statements on June 17, 2026.

e. During a voluntary, non-custodial, recorded interview of the defendant by the FBI on June 17, 2026, the defendant admitted she signed and mailed a ballot voting in 2024 General Election. The defendant admitted she acted of her own free will and was not physically threatened nor forced to vote in

this election.

f. On June 17, 2026, during follow-up email communications with the FBI, the defendant provided a screen recording indicating she had received an email dated November 5, 2024, stating that her 2024 General Election ballot had been received.

9. Pursuant to Section 6B1.2 of the Sentencing Guidelines, the parties agree that the charge to which the defendant is pleading guilty adequately reflects the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

**SENTENCING STIPULATIONS**

10. Pursuant to CrimLR 32.1(a) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of the defendant in connection with this matter:

a. The parties stipulate that the defendant falsely claimed U.S. citizenship when registering to vote and, therefore, gave false information to establish eligibility to vote. Accordingly, U.S.S.G. § 2H2.1 applies and the defendant's base offense level is 6.

b. The parties stipulate that based on information currently available to the parties, the defendant meets the requirements of "zero-point offender," under U.S.S.G. § 4C1.1, resulting in a 2-level reduction.

c. As of the date of this agreement, it is expected that the defendant will enter a plea of guilty prior to the commencement of trial, will truthfully admit her involvement in the offense and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility. If all of these events occur, and the defendant's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate. *See* U.S.S.G. § 3E1.1(a) and Application Note 3.

d. The United States Attorney agrees that the defendant's agreement herein to enter into a guilty plea constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to the defendant. Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline § 3E1.1(b), if the defendant is otherwise eligible. The defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those

issues, and (2) to call and examine witnesses on those issues in the event that either the United States Probation Office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

11. The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

12. The parties represent that as of the date of this agreement there are no material facts in dispute.

## APPEAL/COLLATERAL REVIEW

13. The defendant is aware that she has the right to appeal her conviction and the sentence imposed. The defendant knowingly and voluntarily waives the right to appeal, except as indicated in subparagraph "b" below, her conviction and any sentence within the Guidelines range as determined by the Court at the time of sentencing, and any lawful restitution or forfeiture order imposed, or the manner in which the sentence, restitution, or forfeiture order was determined, on any ground whatsoever, in exchange for the concessions made by the prosecution in this

Agreement. The defendant understands that this waiver includes the right to assert any and all legally waivable claims.

a. The defendant also waives the right to challenge her conviction or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that the defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

b. If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the defendant, the defendant retains the right to appeal the portion of her sentence greater than specified in that guideline range and the manner in which that portion was determined and to challenge that portion of her sentence in a collateral attack.

c. The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

**<u>FINANCIAL DISCLOSURE</u>**

14. In connection with the collection of restitution or other financial obligations that may be imposed upon her, the defendant agrees as follows:

a. The defendant agrees to fully disclose all assets in which she has any interest or over which she exercises control, directly or indirectly, including any assets held by a spouse, nominee, or third party. The defendant understands that the United States Probation Office (USPO) will conduct a presentence investigation that will require the defendant to complete a comprehensive financial statement. To avoid the requirement of the defendant completing financial statements for both the USPO and the government, the defendant agrees to truthfully complete a financial statement provided to the defendant by the United States Attorney's Office. The defendant agrees to complete the disclosure statement and provide it to the USPO within the time frame required by the United States Probation officer assigned to the defendant's case. The defendant understands that the USPO will in turn provide a copy of the completed financial statement to the United States Attorney's Office. The defendant agrees to provide written updates to both the USPO and the United States Attorney's Office regarding any material changes in circumstances, which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. The defendant's failure to timely and accurately complete and sign the financial statement, and any written update thereto, may, in addition to any other penalty or remedy, constitute the defendant's failure to accept responsibility under U.S.S.G § 3E1.1.

b. The defendant expressly authorizes the United States Attorney's Office to obtain her credit report. The defendant agrees to provide waivers, consents, or releases requested by the United States Attorney's Office to access records to verify the financial information, such releases to be valid for a period extending 90 days after the date of sentencing. The defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the USPO.

c. Prior to sentencing, the defendant agrees to notify the Financial Litigation Unit of the U.S. Attorney's Office before making any transfer of an interest in property with a value exceeding $1,000 owned directly or indirectly, individually or jointly, by the defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

## IMPOSITION OF SENTENCE

15. The defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines. The defendant agrees that there is no promise or guarantee of the applicability or non-applicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

16. The defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a

presentence report, unless the Court decides that a presentence report is unnecessary. The defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charge adequately reflects the seriousness of the actual offense behavior and accepting the Agreement will not undermine the statutory purposes of sentencing.

## WAIVER OF TRIAL RIGHTS

17. The defendant understands that by pleading guilty she surrenders certain rights, including the following:

a. If the defendant persisted in a plea of not guilty to the charges against her, then she would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the prosecution, and the judge all must agree that the trial be conducted by the judge without a jury.

b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. The defendant and her attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the

defendant is presumed innocent, and that it could not convict her unless, after hearing all the evidence, it was persuaded of her guilt beyond a reasonable doubt.

c. If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the defendant's guilt beyond a reasonable doubt.

d. At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those prosecution witnesses and her attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on her own behalf. If the witnesses for the defendant would not appear voluntarily, the defendant could require their attendance through the subpoena power of the Court.

e. At a trial, the defendant would have a privilege against self-incrimination so that she could decline to testify, and no inference of guilt could be drawn from her refusal to testify.

18. The defendant understands that by pleading guilty, she is waiving all of the rights set forth in the preceding paragraph. The defendant's attorney has explained those rights to her, and the consequences of the waiver of those rights.

**USE OF PLEA STATEMENTS**

19. If, after signing this Agreement, the defendant decides not to plead guilty as provided herein, or if the defendant pleads guilty but subsequently makes a motion before the Court to withdraw her guilty plea and the Court grants that motion, the defendant agrees that any admission of guilt that she makes by signing this Agreement or that she makes while pleading guilty as set forth in this Agreement may be used against her in a subsequent trial if the defendant later proceeds to trial. The defendant voluntarily, knowingly, and intelligently waives any protection afforded by Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence regarding the use of statements made in this Agreement or during the course of pleading guilty when the guilty plea is later withdrawn. The *only* exception to this paragraph is where the defendant fully complies with this Agreement but the Court nonetheless rejects it. Under those circumstances, the United States may not use those statements of the defendant for any purpose.

20. The defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of the defendant's conduct regarding the charges against her, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

21. The defendant and her attorney acknowledge that, apart from any written proffer agreements, if applicable, no threats, promises, agreements or conditions have been entered into by the parties other than those set forth in this Agreement, to induce the defendant to plead guilty. Apart from any written proffer agreements, if applicable, this Agreement supersedes all prior promises, agreements or conditions between the parties.

22. To become effective, this Agreement must be signed by all signatories listed below.

//

//

//

//

//

//

//

//

//

//

//

23. Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto.

AGREED:

KENNETH M. SORENSON
United States Attorney
District of Hawaii

________________________ Dated: 9/11/26
MICHAEL F. ALBANESE
Chief, Narcotics and Violent Crime

________________________ (FOR) Dated: 9/11/26
HEIDI TURNER
Special Assistant U.S. Attorney

________________________ Dated: 9/10/2026
BERNADETTE ACASO
Defendant

________________________ Dated: 9/10/26
DONOVAN ODO
Attorney for Defendant